IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

Raymond A. Smith and
Susan L. Smith, individuals

    Plaintiffs,

vs.

Newmar Corporation,
a Domestic Profit Corporation and
The Shyft Group USA, Inc.,
a Foreign Profit Corporation

    Defendants.

**JURY TRIAL DEMANDED**
**COMPLAINT AND JURY DEMAND**

NOW COME Plaintiffs, Raymond A. Smith and Susan L. Smith, by and through their attorneys, Lemon Law Group Partners PLC, and submit the following as their Complaint against Defendants Newmar Corporation and The Shyft Group USA, Inc.

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiffs Raymond A. Smith and Susan L. Smith are individuals residing at 7719 Island Lane, Wonder Lake, Illinois 60097.

2. Defendant Newmar Corporation (hereinafter "Defendant Newmar") is a domestic profit corporation doing business throughout the State of Indiana. This Defendant may be served through its registered agent, CT Corporation System, 334 North Senate Avenue, Indianapolis, Indiana 46204.

3. Defendant The Shyft Group USA, Inc. (hereinafter "Defendant Shyft") is a foreign profit corporation doing business throughout the State of Indiana. This Defendant may be served with process by serving its registered agent, Corporation Service Company, 135 North Pennsylvania Street, Suite 1610, Indianapolis, Indiana 46204.

4. The transactions and occurrences involved in this action took place in the State of Indiana, County of Elkhart.

## COMMON AVERMENTS

5. On or about October 27, 2023, Plaintiffs purchased a new 2023 Newmar New Aire motorhome, VIN 4VZAT1D11PC094398 (the "Subject Vehicle") from an Authorized Dealership. Please see Exhibit A: Purchase Agreement.

6. At the time of purchase, the Subject Vehicle was accompanied by a factory warranty which, in relevant part, provided for a Newmar 1 (one) year / unlimited mile limited warranty and 5 (five) year limited structural warranty, and a Shyft 5 (five) year/75,000 mile Powertrain warranty (the "Warranties"). Please see Exhibit B: Pertinent Portion of Warranties. Warranties in their entirety are in Defendants' possession.

7. The Subject Vehicle was purchased primarily for personal, family, and/or household purposes.

8. Defendants' warranties covered any repairs or replacements needed during the warranty period and/or due to defects in factory materials or workmanship.

9. In fact, when delivered, the Subject Vehicle was defective in materials and workmanship, such defects being discovered within the warranty periods and repairs were attempted.

10. Shortly after purchase, Plaintiffs noticed defects in the vehicle including but not limited to: starting batteries went bad necessitating replacement, house batteries on chassis dead

repeatedly, suspension error codes illuminating, air horn function inoperable, exterior doorbell inoperable, blown fuse under driver seat, driver seat movement functions inoperable, 6-way switch on driver seat failed necessitating replacement, number lock for entry door inoperable, keyless entry handle inoperable intermittently necessitating replacement, lights, shades, awning, and vents not operable from main touchpad, front doorbell chime assembly defects necessitating replacement, magnetic ceiling panel catches unattached from frame, microwave loose and rattling, kitchen drawer misaligned, navigation system defects, vehicle will not start intermittently despite numerous repair attempts, dashboard blank, SilverLeaf system defects, wire harness loose, day/night shade function lost, and electrical issues persist despite numerous repair attempts. Plaintiffs returned the vehicle to an Authorized Dealership for repair on at least 6 (six) occasions. Please see Exhibit C: Repair Orders.

11. Authorized Dealership has test driven the vehicle and made repairs to the vehicle, however, the defects continue to exist. During said repairs the Subject Vehicle was out of service for at least 64 (sixty-four) days.

12. Despite the prolonged time during which Authorized Dealership was given the opportunity to repair Plaintiffs' Vehicle, Authorized Dealership failed to repair the Subject Vehicle so as to bring it into conformity with the warranties set forth herein. The defects experienced by Plaintiffs with the Subject Vehicle substantially impaired its use, value, and safety to the Plaintiffs, and have shaken the Plaintiffs' faith in the vehicle to operate as dependable transportation.

13. Despite Plaintiffs' repeated efforts to allow Defendants the opportunity to conform the Subject Vehicle, many nonconforming and defective conditions were not repaired, and still exist.

14. The Vehicle still has issues including vehicle will not start and electrical issues.

15. Plaintiffs directly notified Defendants of the defective conditions of the vehicle on numerous occasions and that they desired a buy-back of the Subject Vehicle, wherein Defendants failed and refused to buy back Plaintiffs' defective Vehicle and to reimburse Plaintiffs pursuant to their rights under State and Federal Laws.  Please see Exhibit D: Written Notification.

16. This cause of action arises out of the Defendants' breaches of warranty and contract and violations of the enclosed statutes, as set forth in this Complaint.  Plaintiffs seek judgment against Defendants in whatever amount Plaintiffs are entitled to, including equitable relief, consequential damages, along with the costs and expenses of this action.

17. There is no other pending or resolved civil action arising out of the same transaction or occurrence alleged in this Complaint.

**COUNT I**
**BREACH OF FACTORY WARRANTY**

18. Plaintiffs fully repeat and incorporate Paragraphs 1 through 17, as set forth above.

19. Defendant Newmar extended to Plaintiffs a 1 (one) year / unlimited mile limited warranty and 5 (five) year limited structural warranty, and Defendant Shyft extended to Plaintiffs a 5 (five) year/75,000 mile chassis warranty ("Warranties").

20. Plaintiffs, seeking to repair the Subject Vehicle, attempted to exercise Plaintiffs' rights under the Warranties.

21. Defendants have failed to honor the terms of the Warranties.

22. Defendants have failed or refused to repair the issues which include vehicle will not start and electrical issues.

23. As a result of the actions set forth above, Defendants have breached their warranties.

24. As a result of Defendants' breach of warranty, Plaintiffs have suffered and will continue to suffer significant monetary and consequential damages.

   **WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter Judgment in favor of Plaintiffs and against Defendants in an amount to be proven at trial, including all consequential damages, incidental damages, equitable remedies, costs, interest, and attorney fees.

## COUNT II
## BREACH OF MAGNUSON-MOSS WARRANTY ACT

25. Plaintiffs fully repeat and incorporate Paragraphs 1 through 24, as set forth above.

26. This Court has jurisdiction to decide claims brought under 15 USC § 2301 et seq., by virtue of 15 USC § 2310(d)(1)(A).

27. Plaintiffs are "consumer"s as defined by 15 USC § 2301(3).

28. Defendants are "supplier"s and "warrantor"s as defined by 15 USC § 2301(4)(5).

29. The Subject Vehicle is a "consumer product" as defined by 15 USC § 2301(6).

30. 15 USC § 2310(d)(1)(A), requires Defendants, as warrantors, to remedy any defects, malfunction or non-conformance of the Subject Vehicle within a reasonable time and without charge to Plaintiffs, as defined in 15 USC § 2304(d).

31. The actions of Defendants as hereinabove described, in failing to tender the Subject Vehicle to Plaintiffs free of defects and refusing to repair or replace the defective vehicle tendered to Plaintiffs, constitute a breach of the written warranties covering the Subject Vehicle; and thus, constitute a violation of the Magnuson-Moss Warranty Act.

32. Despite repeated demands and despite the fact that the Plaintiffs have complied with all reasonable terms and conditions imposed upon them by Defendants, Defendants have failed and refused to cure any defects and non-conformity with the Subject Vehicle.

33. As a result of Defendants' breach of factory warranty as set forth above, and Defendants' failure to honor its obligations under their warranties, Plaintiffs have suffered and will continue to suffer damages as enumerated above.

34. Defendants had a reasonable opportunity to remedy the defects in the vehicle but have failed to do so, thereby entitling Plaintiffs to a refund of the purchase price pursuant to the Magnuson-Moss Warranty Act.

35. Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiffs are entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment as follows:

(1) For actual damages according to proof at trial;

(2) For a refund of the purchase price of Subject Vehicle;

(3) For Defendants to accept return of Subject Vehicle;

(4) For attorney's fees and costs of suit incurred herein;

(5) For such other and further relief as the court deems just and proper under the circumstances;

(6) That all issues be tried before a jury.

Dated: January 7, 2025

Respectfully submitted,

LEMON LAW GROUP PARTNERS PLC

By:    *s/* **Sara Brooks (Douglass)**
       Sara Brooks, Esq.  (30249-49)
       Lemon Law Group Partners PLC
       48 North Emerson Avenue, Suite 400
       Greenwood, Indiana 46143
       Telephone No.: (888) 415-0610
       Facsimile No.: (305) 786-5842
       sarab@lemonlawgrouppartners.com
       eservice@lemonlawgrouppartners.com